IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TENESIA WILLIAMS,                        §
                                         §
          Plaintiff,                     §
                                         §
V.                                       §          No. 3:26-cv-1862-X-BN
                                         §
BAYMARK HEALTH SERVICES,                 §
                                         §
          Defendant.                     §

## MEMORANDUM OPINION AND ORDER TRANSFERRING CASE

Plaintiff Tenesia Williams filed a *pro se* lawsuit against Defendant Baymark Health Services under Title VII of the Civil Rights Act of 1964. *See* Dkt. No. 3. And United States District Judge Brantley Starr referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Venue as to Williams's claims under Title VII are governed by Title VII's special venue provisions, which "displace[] the general rules for venue." *Dabney v. A&R Logistics, Inc.*, Civ. A. No. 14-788-BAJ-RLB, 2015 WL 4210988, at *2 (M.D. La. July 10, 2015) (citing 42 U.S.C. § 2000e-5(f)(3); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003)); *see also Pinson v. Rumsfeld*, 192 F. App'x 811, 817 (11th Cir. 2006) (per curiam) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and ... the more general provisions of [28 U.S.C.] § 1391 are not controlling in such cases." (cited in *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (per curiam))).

Section 2000e-5(f)(3) provides that

> [e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Id.*

So, under Section 2000e-5(f)(3), "venue is not limited to the judicial district in which the unlawful employment practices occurred if the state is a multi-district state; but venue is appropriate in any district in the state in which the unlawful employment practices occurred." *Adams v. Cal-Ark Int'l, Inc.*, 159 F. Supp. 2d 402, 409 (E.D. Tex. 2001) (cleaned up).

Still, 28 U.S.C. § 1404(a) "allows district courts to transfer certain cases for the convenience of parties and witnesses and in the interest of justice" if it's shown that "[t]he new venue [is] clearly more convenient" than the alternative." *In re Google*, 172 F.4th 450, 453 (5th Cir. 2026) (cleaned up).

The Court may raise this issue *sua sponte. See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Decisions to effect 1404 transfers are committed to the sound discretion of the transferring judge" and "may be made *sua sponte.*" (citation omitted)).

And a magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

Williams alleges that she currently resides in Lavon, Texas in Collin County. *See* Dkt. No. 3 at 1, 15. She alleges that Baymark is located at 1720 Lakepointe Drive, Lewisville, Texas in Denton County. *See id.* And the emails attached to the complaint reflect that Williams worked at the Lewisville location as did Baymark's human resources director. *See id.* at 6-10. Both Denton County and Collin County are located within the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3).

Having considered the applicable private and public interest factors, *see In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008), venue is clearly more convenient where Williams was employed and lives and where Baymark is headquartered, particularly given that there are no allegations connecting any of the parties or events in this case to the Northern District of Texas or the Dallas Division specifically.

Although certain factors such as the availability of compulsory process to secure the attendance of witnesses are likely neutral because of the proximity of Denton and Collin Counties to Dallas, Williams's employment records and other

sources of proof are located in the Sherman Division of the Eastern District of Texas, as are many of the witnesses. Overall, the factors are either neutral or favor venue in the Eastern District.

Therefore, this action will be transferred to the Sherman Division of the Eastern District of Texas under Section 1404(a) and the undersigned's authority granted by Rule 2(a)(3) of the Court's Miscellaneous Order No. 6 on **July 2, 2026**, to allow any party to file an objection to Judge Starr within 14 days after being served with a copy of this order, *see* FED. R. CIV. P. 72(a).

Only if an objection is filed will the order of transfer be stayed pending further order of the Court.

SO ORDERED.

DATED: June 11, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE